Robert MURCER, Petitioner,

v.

E.W. JONES, Warden, Great Meadow Correctional Facility, Respondent.

No. 81 Civ. 6094(MEL).

United States District Court, S.D. New York.

Dec. 28, 1982.

Robert Murcer, pro se.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for respondent; Joyce Andren, Asst. Atty. Gen., New York City, of counsel.

LASKER, District Judge.

Following a jury trial Robert Murcer was convicted of two counts of Criminal Sale of a Controlled Substance in the Third Degree and one count of Criminal Possession of a Controlled Substance in the Third Degree (possession with intent to sell), New York Penal Law ("NYPL") §§ 220.39 and 220.16. He petitions under 28 U.S.C. § 2254 for a writ of habeas corpus on the ground that he was deprived of his constitutional right to due process by the trial judge's refusal to charge the jury on the lesser included offense of Criminal Possession of a Controlled Substance in the Seventh Degree (simple possession), NYPL § 220.03. The State answers that even if a judge's failure to give a lesser included offense instruction states a cognizable claim under § 2254, the instruction requested by Murcer was not warranted by any reasonable view of the evidence, and its omission therefore did not violate Murcer's constitutional rights.

An analysis of Murcer's claim requires a review of the evidence presented at trial. The State's primary witness was Police Officer Robert Rivera, who at the time was an undercover agent working for the Bronx Eighth District Narcotics Task Force. Rivera testified that on May 10, 1978 he drove to a location in the Bronx as part of a "buy operation." (T. 47–48, 63–64) Rivera was in civilian clothes and drove an unmarked car. While sitting in his car, Rivera was approached by "Nate," a person from whom he had previously purchased drugs. Rivera asked Nate if he had any cocaine he could purchase. Nate said he did not have any, but got into Rivera's car and instructed him to drive to an address where he said his brother-in-law would sell Rivera cocaine. (T. 50) When they arrived at the address, Rivera waited in the car while Nate went into the apartment building. He returned with Murcer, who got into the front seat while Nate got into the back. Rivera asked petitioner for ten tins of cocaine and for a break in the usual price of $10. Murcer pulled some tins from his pocket and counted out ten. He gave them to Nate, who counted them again and then handed them to Rivera. Rivera counted out $100 and handed it to Nate, who in turn handed the money to Murcer. Murcer told Rivera, while this was going on, that he could not give Rivera a break in the price this time but could if they continued doing business. Rivera said that if he was satisfied he would be back for more; Murcer told Rivera that he lived in Apartment 4G and that if Rivera were in the neighborhood Rivera should stop by and Murcer would "do something" for him. (T. 51–52)

On May 15th Rivera returned to the area in the early evening and, seeing no one he knew, went to Apartment 4G and asked for Murcer. The woman who answered the door said that she would waken Murcer, who was sleeping. When Murcer came to the door and asked what Rivera wanted, Rivera said he wanted cocaine and heroin. Murcer had Rivera wait in the kitchen and left him there for a couple of minutes; when he returned he agreed to sell Rivera 12 packets of cocaine for $100 and ten packets of heroin for $90, which represented a break of $30 in the usual price for those amounts. Rivera gave Murcer the $190 and left with the packets, saying he would be back again if he was satisfied with the contents. (T. 55–57) Murcer was arrested on July 24, 1978, when Rivera identified him on the street and directed a back-up arrest team to his location.

Murcer took the stand at trial and testified that in May 1978 he resided with his wife and four children at the apartment identified by Rivera. He denied that he used drugs or had ever sold them to Rivera or anyone else, and said that he had never seen Rivera before the trial. Murcer could not recall what he was doing the afternoon of May 10th, but recalled that on May 15th in the early evening he was working around the apartment building, where he was employed for that month as a handyman. (T. 130–133) The defense called no other witnesses.

Murcer was indicted for three narcotic transactions, one on May 10th and two on May 15th because he was alleged to have sold both heroin and cocaine on that occasion. He was charged with three separate counts as to each transaction: sale of a controlled substance, possession with intent to sell, and simple possession (NYPL §§ 220.39, 220.16, and 220.03).[1] The trial judge refused to instruct the jury on the simple possession count for any of the charged transactions, stating that in his view no reasonable view of the evidence would support the charge. The jury acquitted Murcer of sale on the May 10th transac-

tion, but convicted him of possession with intent to sell. The jury convicted him of sale on both of the May 15th transactions. The trial judge sentenced Murcer to three concurrent terms of six years to life.

In this proceeding, Murcer contests the judge's instructions only with regard to the May 10th transaction.[2] Murcer argues that the jury could reasonably have concluded, in light of the circumstances of the May 10th transaction as described by Rivera, that Murcer was in that instance acting merely as Nate's "flunky." He points out that, according to Rivera, it was Nate who actually handed the tins of cocaine to Rivera and who took the money from him. Thus, Murcer contends, the jury could have found that he did not sell the drugs or possess them with intent to sell, but instead merely possessed them while Nate made the sale. Murcer argues that his position is bolstered by the fact that the jury acquitted him of the sale charge as to the May 10th transaction, contending that the acquittal shows that the jury found his role in the transaction to be at least somewhat ambiguous.[3]

The State answers that Murcer's analysis is artificial and that no reasonable view of the evidence warranted an instruction on

1. The statutory names for these offenses are Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Criminal Possession of a Controlled Substance in the Seventh Degree. The terms "sale," "possession with intent to sell," and "simple possession" are used for convenience.

2. Murcer's petition does not directly state that his challenge relates only to the May 10th conviction. His brief to the Appellate Division, however, raised the lesser included offense issue only as to the May 10th transaction, and a challenge to the charge on the May 15th transactions therefore would not be properly before us in any event, because state remedies as to it are unexhausted.

A second claim in Murcer's petition—that the prosecutor's summation was inflammatory and deprived him of due process—was withdrawn pursuant to this Court's order of April 9, 1982. Although that claim was presented to the Appellate Division, we held, relying on *Daye v. LeFevre*, 663 F.2d 1155 (2d Cir.1981), that it was unexhausted because of Murcer's failure clearly to label the claim as a federal constitutional claim. *Daye* was recently vacated fol-

lowing rehearing *en banc*. *Daye v. LeFevre*, 696 F.2d 186, No. 80–2292 (2d Cir. December 9, 1982). The *en banc* Court held that
"the ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation."
*Id.* at 5618, 696 F.2d at 194. In light of the *en banc* decision, it is possible that the validity of our earlier ruling is in question.

3. In Murcer's traverse to the State's answer to his habeas petition, Murcer states that he relies on his brief to the Appellate Division, which presented the same arguments that he advances here. We therefore understand Murcer to have incorporated his Appellate Division brief into his application to this Court.

simple possession. Murcer did not testify at trial that his involvement in the transaction was limited, the State points out, but instead flatly denied that any dealings between him and Rivera ever took place. Thus, no instruction on simple possession was justified on the basis of Murcer's testimony, because if a rational jury had believed Murcer's testimony it would have had to acquit him completely. That the jury acquitted Murcer of the sale charge and convicted him of the possession with intent to sell charge, the State contends, does not demonstrate that an instruction on simple possession was warranted. To the contrary, it may be regarded as a finding by the jury that Rivera's testimony established that Murcer was an active participant in the transaction, but was guilty of the lesser charge of possession with intent to sell rather than sale because Murcer did not physically hand the drugs to Rivera. Murcer's active role in bringing the drugs to the car, discussing possible future transactions, and pocketing the money Nate took from Rivera, according to the State, would have made a conviction on simple possession irrational.

## DISCUSSION

The Supreme Court has never directly addressed the question whether a defendant's right to due process in a non-capital case is violated when the trial judge refuses to give a lesser included offense instruction where the evidence reasonably could be construed to support a conviction on the lesser charge. Indeed, the Court specifically reserved that question in *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), in which the Court held unconstitutional an Alabama law preventing the trial judge from submitting a lesser included offense charge to the jury in a capital case even when the evidence clearly supported the possibility of a conviction on the lesser charge.

We need not decide in this case whether non-capital defendants are also constitutionally entitled to such an instruction when warranted by the evidence, because we find persuasive the State's argument that the evidence here did not support an instruction on simple possession.[4] New York law entitles a defendant to a lesser included offense charge "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater." New York Criminal Procedure Law § 300.-50. The trial judge's application of that rule to exclude the simple possession charge in this case was appropriate in light of the evidence. Murcer completely denied any participation in the transaction; hence, if the jury believed his testimony it could not rationally have found him guilty of simple possession (or anything else). Moreover, Officer Rivera testified that Murcer negotiated the terms of the sale and discussed possible future sales with Rivera, not that Murcer was an observer to the transaction who was simply carrying the drugs for Nate. Of course, the jury was not required to accept all of the State's evidence simply because it might have rejected the defendant's testimony. In this case, however, there was no basis short of sheer speculation upon which the jury could have concluded that Murcer was guilty of possessing the drugs but had no intent to sell them. *Cf. People v. Scarborough,* 49 N.Y.2d 364, 426 N.Y.S.2d 224, 402 N.E.2d 1127 (1980).

Murcer argues that the jury's verdict of acquittal on the sale charge suggests that the jury was being particularly careful in assessing the State's evidence and would have been receptive to the possibility that Murcer should be found guilty only of simple possession. Even if this surmise is correct, the question before the Court does not concern the thought processes the jury actually followed in its deliberations. Rather, the issue is whether a reasonable view of the evidence warranted an instruction on a

---

**4.** *Cf. Hopper v. Evans,* —— U.S. ——, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982) (*Beck* does not require lesser included offense instruction when the defendant testifies at trial that he committed the crime and his testimony completely negates the possibility that the lesser included offense charge is warranted).

charge of simple possession. Since no such instruction was warranted, the habeas corpus petition is denied.

A certificate of probable cause to appeal this decision is granted.

It is so ordered.