■ The People of the State of New York, Respondent, v Carlos Hernandez, True Name Lazarro Padron, Appellant. [626 NYS2d 478] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered October 21, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The trial court did not err in refusing to charge criminal possession of a controlled substance in the seventh degree as a lesser included offense of possession of a controlled substance in the third degree since there was no reasonable view of the evidence that defendant committed the lesser offense but not the greater *(see, People v Glover,* 57 NY2d 61, 63-64). The police officer's testimony that he surveilled defendant for over an hour, during which he witnessed three drug sales, that at the time of arrest defendant possessed a large amount of cash in small denominations, and that the two vials recovered from defendant were in the same containers as those vials recovered from one of the buyers, clearly established that defendant possessed the drugs with the intent to sell. Moreover, defendant's own testimony that he did not possess, sell or use drugs did not support his theory that he possessed the vials for his own personal use *(see, Murcer v Jones,* 553 F Supp 841,

844 [citing *People v Scarborough,* 49 NY2d 364], *affd* 742 F2d 1440).

Nor do we perceive any error in the court's discharge during voir dire of a potential juror who had a root canal treatment scheduled for the anticipated first day of testimony (Judiciary Law § 517 [c]). Concur—Ellerin, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.