■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY NIEVES, Appellant. [627 NYS2d 351] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered March 18, 1995, convicting defendant, after a jury trial, of rape in the first degree and sexual abuse in the first degree, and sentencing him to concurrent terms of 3⅓ to 10 years and 2 to 6 years, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490). Issues of credibility were properly presented to the jury, which had the advantage of observing the demeanor of the witnesses, and we see no reason to disturb its findings.

By failing to make an offer of proof *(People v Washington,* 64 NY2d 961), defendant failed to preserve his claim that the court should have permitted inquiry about whether the prosecutor coerced a witness to change her testimony by a threat of incarceration. In any event, the court properly precluded such inquiry, having already determined, in another context, that defendant lacked a good faith basis for raising this issue *(see, People v Hudy,* 73 NY2d 40, 57).

Defendant also failed to preserve his claim that the court should have permitted cross-examination of the "outcry" witness about whether the complainant had made an allegedly false rape charge against the complainant's own stepfather years before. In any event, the court properly precluded such inquiry since defendant made no attempt to demonstrate that the witness was a competent witness on this issue, and since the evidence sought to be elicited, which was of limited probative value *(see, People v Mandel,* 48 NY2d 952, 953, *cert denied* 446 US 949), would have been cumulative, the court having ultimately permitted the subject to be explored upon cross-examination of the complainant herself.

Defendant's challenges to the court's charge are unpre-

served and without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Williams, JJ.