■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RIVERA, Also Known as, RAFAEL FELICIANO, Appellant. [642 NYS2d 636] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered June 22, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and three counts of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

None of defendant's numerous claims of error by the trial court warrant disturbing the judgment. The photograph of defendant and the codefendant together, taken at the precinct on the date of the arrest, was admissible to establish their appearance on the date of the arrest (*People v Logan*, 25 NY2d 184, 195-196, *cert denied* 396 US 1020; *People v Larry*, 178 AD2d 282, *lv denied* 79 NY2d 1003), and did not bolster the prosecution's theory that they were acting in concert selling drugs earlier that day.

The expert testimony on the various roles of the participants in street-level narcotics sales, including how their roles may change, was admissible to explain the absence of buy money (*People v Rivera*, 209 AD2d 151, *lv denied* 84 NY2d 1037). The testimony did exceed its appropriate limits by referring to "managers", security people who are "usually armed" and a "vicinity" of operations, those terms implying a large-scale drug operation (*People v Hibbert*, 215 AD2d 140; *see, People v Negron*, 136 AD2d 523), but defendant did not preserve this

claim by specific objection, and we decline to review it in the interest of justice. Although defendant did object to the expert testimony concerning "stash", any error in the admission of such testimony was harmless (*People v Crimmins*, 36 NY2d 230).

The trial court's *Sandoval* ruling, permitting inquiry into the fact that defendant had been convicted of four felonies and six misdemeanors, was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 459; *People v Ellis*, 183 AD2d 534, 535, *affd* 81 NY2d 854; *cf., People v Bowles*, 132 AD2d 465, *lv denied* 70 NY2d 798), notwithstanding the number of convictions, the fact that these convictions constituted defendant's entire record, and the fact that some of the convictions were more than 10 years old (*see, People v Walker*, 189 AD2d 620, *affd* 83 NY2d 455, *supra*), where the prosecutor was precluded from inquiry as to the underlying facts of such crimes or even identifying them.

Defendant's complaint concerning the court's constructive possession charge is unpreserved for appellate review, defendant having failed to object to the charge, and we decline to review it in the interest of justice. Were we to review it, we would find that the charge, as a whole, conveyed the correct standard to the jury (*see, People v Fields*, 87 NY2d 821, 823).

We perceive no abuse of discretion in sentencing. Concur— Milonas, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.