■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK DOBBINS, Appellant. [658 NYS2d 878] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered December 6, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/_2$ to 9 years, unanimously affirmed.

The court's *Sandoval* ruling was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 459; *People v Rivera*, 227 AD2d 205, *lv denied* 88 NY2d 993).

By failing to make sufficient offers of proof, defendant failed to preserve his claim that the court improperly limited his cross-examination at the suppression hearing (*People v Nieves*, 215 AD2d 325, *lv denied* 86 NY2d 799). Were we to review these claims in the interest of justice, we would find that the hearing court properly precluded, as irrelevant, cross-examination of the arresting officer concerning unrelated arrests he made on the day of defendant's arrest (*see, People v Alston*, 215 AD2d 108, 109, *lv denied* 86 NY2d 732; *People v Gonzalez*, 189 AD2d 701, *lv denied* 81 NY2d 971). Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Mazzarelli, JJ.