■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIN VAUGHN, Also Known as LIVIN VAUGHN, Appellant. [662 NYS2d 113] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered February 9, 1995, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. We find no merit to defendant's argument that his acquittal of criminal sale of a controlled substance necessarily undermines the sufficiency or weight of the evidence supporting his conviction of criminal possession with intent to sell. Such argument "calls for an impermissible invasion of the jury's deliberative processes" (*People v Rivera*, 201 AD2d 377, *lv denied* 83 NY2d 875).

The trial court properly denied defendant's request to charge criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal possession of a controlled substance in the third degree since, based on the evidence developed at trial, the jury could not have rationally concluded that the defendant committed the lesser crime but not the greater (*see, People v Glover*, 57 NY2d 61, 63; *People v Hernandez*, 215 AD2d 179, *lv denied* 86 NY2d 873).

The court correctly concluded, based upon the type of mechanical process employed, that defendant received an exact copy of the "destroyed" *Rosario* material, so that no *Rosario* violation occurred. Concur—Milonas, J. P., Rosenberger, Wallach, Nardelli and Rubin, JJ.