■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL SHANNON, Appellant. [680 NYS2d 210] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), rendered June 25, 1996, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to two concurrent terms of 10 to 20 years and a consecutive term of 5 to 10 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all sentences run concurrently, and otherwise affirmed.

The court properly denied defendant's request to charge criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal possession of a controlled substance in the third degree since, based on the evidence developed at trial, the jury could not have rationally concluded that defendant possessed the drugs without intent to sell (*see, People v Hernandez,* 215 AD2d 179, *lv denied* 86 NY2d 873).

The court's *Sandoval* ruling was a proper exercise of discretion, notwithstanding the number of convictions and the circumstance that these constituted defendant's entire record (*see, People v Walker,* 83 NY2d 455, 459; *People v Rivera,* 227 AD2d 205, *lv denied* 88 NY2d 993).

The challenged portion of the prosecutor's summation, made in response to a defense argument, does not warrant reversal (*see, People v Overlee,* 236 AD2d 133, 136, *lv denied* 91 NY2d 976).

We find the sentence excessive to the extent indicated. Concur—Sullivan, J. P., Wallach, Williams and Saxe, JJ.