# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

419

KA 13-01871

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

RASHEEN P. TOWNSEND, DEFENDANT-APPELLANT.

---

ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Peter C.
Bradstreet, J.), rendered January 15, 2013.  The judgment convicted
defendant, upon a jury verdict, of criminal possession of a controlled
substance in the third degree and criminal sale of a controlled
substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him,
upon a jury verdict, of criminal possession of a controlled substance
in the third degree (Penal Law § 220.16 [1]) and criminal sale of a
controlled substance in the third degree (§ 220.39 [1]).  We reject
the contention that the verdict is against the weight of the evidence
on the issue of defendant's identity as the seller of the drugs, or on
the issue of the identity and narcotic nature of the substance sold by
defendant (*see People v Bleakley*, 69 NY2d 490, 495).  We further
conclude that County Court did not err in admitting in evidence the
drugs and the audiotape recording of the sale (*see People v Hawkins*,
11 NY3d 484, 494; *People v Newman*, 87 AD3d 1348, 1350, *lv denied* 18
NY3d 926; *People v Cleveland*, 273 AD2d 787, 788, *lv denied* 95 NY2d
864; *People v Adams*, 185 AD2d 680, 681, *lv denied* 80 NY2d 926).

Finally, we conclude that the court did not err in refusing to
charge criminal possession of a controlled substance in the seventh
degree (Penal Law § 220.03) as a lesser included offense under both
counts of the indictment.  Criminal possession of a controlled
substance in the seventh degree is not a lesser included offense of
criminal sale of a controlled substance in the third degree (*see
People v Davis*, 14 NY3d 20, 23; *People v Yon*, 300 AD2d 1127, 1128, *lv
denied* 99 NY2d 621; *People v Young*, 249 AD2d 576, 578-579, *lv denied*
92 NY2d 908).  "One need not have dominion or control over a drug in
order to offer to sell it to someone else" (*Davis*, 14 NY3d at 23).

Criminal possession of a controlled substance in the seventh degree is a lesser included offense of criminal possession of a controlled substance in the third degree (*see People v Palmer*, 216 AD2d 883, 884, *lv denied* 86 NY2d 799; *see generally People v Glover*, 57 NY2d 61, 63-64), but here there is no reasonable view of the evidence from which the jury could have concluded that defendant possessed the cocaine but did not intend to sell it (*see People v Fairley*, 63 AD3d 1288, 1289-1290, *lv denied* 13 NY3d 743; *People v Shannon*, 254 AD2d 116, 116, *lv denied* 92 NY2d 1054).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court