■ The People of the State of New York, Respondent, v Remus Smith, Appellant. [730 NYS2d 583] —Judgment reversed on the law, motion granted and new trial granted. Memoran-

dum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]), attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and criminal possession of a weapon in the second degree (Penal Law former § 265.03). Defendant testified at trial that he was at a party on the night the crimes were committed, but that he left the party with a male friend before the crimes were committed there. Defendant testified that they were picked up by a female friend, went to a restaurant to eat, and the female friend dropped them off at defendant's house, where they watched television until defendant fell asleep. Defendant moved for a mistrial when it was discovered that the statement given by the female friend to the police, in which she denied being with defendant on the night of the crimes, was inadvertently given to the jury during its deliberations. Supreme Court erred in denying that motion. The statement was not in evidence and the female friend did not testify at trial, and thus defendant's right of confrontation has been infringed (*see, People v Bouton,* 50 NY2d 130, 137). Although the court gave a strong curative instruction, we conclude that the prejudicial effect upon the jury was not alleviated by the instruction (*cf., People v Birdsall,* 215 AD2d 878, 880, *lv denied* 86 NY2d 840, 88 NY2d 933). We further conclude that there is a "reasonable possibility that the error might have contributed to defendant's conviction," and thus the error is not harmless beyond a reasonable doubt (*People v Crimmins,* 36 NY2d 230, 237).

In view of our determination that the judgment must be reversed, we do not address the remaining contentions of defendant, except to note that the court properly denied his motion seeking to suppress his statement to police, but erred in directing that the sentence imposed on the count of criminal possession of a weapon in the second degree shall run consecutively to the sentences imposed on the remaining counts. There was no evidence to corroborate the statement of defendant that he had the gun with him at the party "in case there was trouble" (*see,* CPL 60.50), and thus the People failed to establish that the possession of the weapon was an act "separate and distinct" from the murder and attempted murder (*People v Laureano,* 87 NY2d 640, 643).

All concur except Hayes, J. P., and Kehoe, J., who dissent and vote to modify in the following Memorandum.

Hayes, J. P., and Kehoe, J. (dissenting). We respectfully dissent and vote to modify the sentence by providing that the sentence imposed on the count of criminal possession of a

weapon in the second degree shall run concurrently to the sentences imposed on the remaining counts. In our view, Supreme Court did not abuse its discretion in denying the motion for a mistrial made by defendant upon discovery that the statement of defendant's female friend to the police that she was not with defendant on the night of the crimes was inadvertently given to the jury (*see generally, People v Ortiz,* 54 NY2d 288, 292). The court issued "extensive and forceful curative instructions to the jury" (*People v Birdsall,* 215 AD2d 878, 880, *lv denied* 86 NY2d 840, 88 NY2d 933), admonishing the jury not to consider that statement. Any prejudicial effect upon the jury was alleviated by those instructions (*see, People v Birdsall, supra,* at 880). In any event, the error is harmless beyond a reasonable doubt. The evidence against defendant is overwhelming, consisting of his own confession and eyewitness testimony. In addition, defendant testified at trial that he was with the female friend only until 2:00 A.M., and the shooting occurred more than two hours later. Based upon that evidence, we conclude that there is no "reasonable possibility that the error might have contributed to defendant's conviction" (*People v Crimmins,* 36 NY2d 230, 237). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Murder, 2nd Degree.) Present—Hayes, J. P., Wisner, Scudder, Kehoe and Burns, JJ.