■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REMUS SMITH, Appellant. [740 NYS2d 900] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered March 19, 1999, convicting defendant after a jury trial of, inter alia, murder in the second degree, and said judgment having been reversed by an order of this Court entered May 2, 2001 in a memorandum decision (283 AD2d 908), and the People of the State of New York on June 4, 2001 having been granted leave to appeal to the Court of Appeals from said order (96 NY2d 870), and the Court of Appeals on February 13, 2002 having reversed said order and remitted the case to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court,

Now, upon remittitur from the Court of Appeals and having considered the facts and issues raised but not determined on the appeal to this Court,

It is hereby ordered that, upon remittitur from the Court of Appeals, the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that all sentences shall run concurrently and as modified the judgment is affirmed. Memorandum: Upon remittitur from the Court of Appeals (*People v Smith,* 97 NY2d 324, *revg* 283 AD2d 908), we conclude that Supreme Court erred in directing that the sentence imposed on the count of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]) shall run consecutively to the concurrent sentences imposed on the remaining counts. As we noted in our prior decision, "[t]here was no evidence to corroborate the statement of defendant that he had [a] gun with him at the party [where the crimes were

committed] 'in case there was trouble' (*see,* CPL 60.50), and thus the People failed to establish that the possession of the weapon was an act 'separate and distinct' from the murder and attempted murder (*People v Laureano,* 87 NY2d 640, 643)" (*Smith,* 283 AD2d at 909). We therefore modify the judgment of conviction by directing that all sentences shall run concurrently (*see* Penal Law § 70.25 [2]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Hayes, J.P., Wisner, Scudder, Kehoe and Burns, JJ.