*People v Ferguson*, 55 AD3d 926 [2008]; *People v Miller*, 33 AD3d 728, 728-729 [2006]). There is no suggestion here that the display shown to the complainant was suggestive. Moreover, although the participants in a lineup should all share the same general physical characteristics, there is no requirement that the defendant be surrounded by persons of nearly identical appearance (*see People v Kirby*, 34 AD3d 695 [2006]; *People v Green*, 14 AD3d 578 [2005]). Here, the photograph taken of the "double-blind" lineup viewed by the complainant depicts six males of the same race, relatively close in age, with facial hair and similar skin tones, each wearing a white baseball cap. No disparity in their heights is apparent as they are all seated. Their weights appear to vary, but not significantly. The lineup report, which lists each participant's age, height, and weight, bears out that they were of relatively similar appearance. Accordingly, inasmuch as the identification procedures were not such as to create a substantial likelihood that the defendant would be singled out for identification, that branch of his omnibus motion which was to suppress identification evidence was properly denied (*see People v Chipp*, 75 NY2d 327 [1990], *cert denied* 498 US 833 [1990]; *People v Solis*, 43 AD3d 1190 [2007]).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MILLER, JR., Appellant. [869 NYS2d 793]

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was excessive to the extent indicated herein. Fisher, J.P., Florio, Carni and Chambers, JJ., concur.