■ The People of the State of New York, Respondent, v Nicholas L. Wiley, Appellant. [888 NYS2d 821]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered October 18, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the first degree, murder in the second degree (three counts) and criminal possession of a weapon in the third degree (three counts).

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the fines imposed for criminal possession of a weapon in the third degree under the fifth, sixth, and seventh counts of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of murder in the first degree (Penal Law § 125.27 [1] [a] [xi]; [b]), three counts each of murder in the second degree (§ 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Viewing the evidence in light of the elements of murder in the first and second degrees as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to those counts is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, the evidence is legally sufficient to support the count of murder in the first degree inasmuch as the evidence establishes that defendant committed three murders "in a similar fashion" (Penal Law § 125.27 [1] [a] [xi]; *see also People v Shulman*, 6 NY3d 1, 34-35 [2005], *cert denied* 547 US 1043 [2006]; *see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that his statements to the police were involuntary on the ground that his interview amounted to "psychological coercion." We reject that contention (*see generally People v Whorley*, 286 AD2d 858, 859 [2001], *lv denied* 97 NY2d 689 [2001]). In addition, the fact that the police were not truthful when they informed defendant that they had found evidence of a crime in the dumpster outside of his apartment did not render his statement involuntary, i.e., the police did not thereby create "a substantial risk that the defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]; *People v Hamelinck*, 222 AD2d 1024 [1995], *lv denied* 87 NY2d 921 [1996]).

Defendant failed to preserve for our review his further contention that his written statement to the police should have been

"severely redacted" before County Court admitted it in evidence (*see* CPL 470.05 [2]). Indeed, we note that defendant agreed to admit in evidence a partially redacted statement that contained references to his prior "institutionalization." We decline to exercise our power to review defendant's contention that the statement should have been "severely redacted" as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We agree with defendant, however, that the court erred in imposing a fine on each count of criminal possession of a weapon in the third degree (*see* Penal Law § 80.15). The People failed to establish that the possession of the kitchen knives used to commit the murders were acts "separate and distinct" from the murders (*People v Smith*, 294 AD2d 822, 823 [2002], *lv denied* 99 NY2d 620 [2003] [internal quotation marks omitted]). We therefore modify the judgment accordingly. Present—Centra, J.P., Fahey, Peradotto, Carni and Gorski, JJ.