■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM M. PETELL, Appellant. [10 NYS3d 353]—

Lynch, J. Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered November 13, 2013, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree (two counts).

In satisfaction of a four-count indictment, a pending charge of violating probation and other pending charges, defendant pleaded guilty to two counts of criminal sale of a controlled substance in the fourth degree and waived his right to appeal. County Court sentenced defendant, as a second felony offender, to concurrent prison terms of 2½ years, followed by three years of postrelease supervision, ordered restitution and imposed a $1,000 fine for each offense. Defendant appeals.

Contrary to defendant's contention, the record establishes that County Court separately addressed and explained the rights encompassed by the appeal waiver and then elicited from defendant that he understood and agreed to waive his right to appeal his conviction and sentence (*see People v Edie*, 100 AD3d 1262, 1262 [2012]). As such, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (*see People v Santana*, 95 AD3d 1503, 1503 [2012]).

Furthermore, as the record reflects that defendant was informed during the plea colloquy that a fine up to $5,000 could be imposed as part of the sentence, the valid appeal waiver precludes defendant's challenge to the severity of the fine imposed (*see People v Campo*, 125 AD3d 1058, 1059 [2015]; *People v Oginski*, 123 AD3d 1303, 1303 [2014]; *see also People v Anderson*, 99 AD3d 1034, 1035 [2012], *lv denied* 20 NY3d 1009 [2013]).

Peters, P.J., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.