# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

512
KA 15-01365
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                      V                          MEMORANDUM AND ORDER

MICHAEL J. REGATUSO, II, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DANIELLE C. WILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered May 13, 2015. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the seventh degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the fine imposed for criminal possession of a controlled substance in the third degree under count 2 of the indictment and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). In appeal No. 2, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, seven counts each of criminal sale of a controlled substance in the third degree (§ 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). County Court sentenced defendant as a second felony offender to concurrent determinate terms of incarceration, to be followed by a period of postrelease supervision, and imposed fines aggregating $25,500.

We reject defendant's contention that the certificates of conviction are at variance with the court's pronouncement of the sentence. The sentencing minutes reflect that the court imposed fines for certain offenses, and those fines were then aggregated and correctly recorded in the certificates of conviction. We reject

defendant's further contention that a court may not aggregate fines when it imposes concurrent terms of incarceration (*see e.g. People v Petell*, 128 AD3d 1283, 1283; *People v Miller*, 57 AD3d 1009, 1009-1010). We agree with defendant, however, that the fines are illegal to the extent the court imposed a fine on both a conviction for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree that arose from a single act (*see* Penal Law § 80.15; *People v Wiley*, 67 AD3d 1370, 1372, *lv denied* 14 NY3d 845; *People v Atwood*, 2 AD3d 1331, 1332, *lv denied* 3 NY3d 636). We therefore modify the judgment in appeal No. 1 by vacating the fine imposed on count 2 of the indictment, and modify the judgment in appeal No. 2 by vacating the fines imposed on counts 3, 5, 7, 9, 11, 13, and 15 of the indictment.

Entered: June 17, 2016                          Frances E. Cafarell
                                                Clerk of the Court