People v Jones (2023 NY Slip Op 05636)

People v Jones

2023 NY Slip Op 05636

Decided on November 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 9, 2023

113074
[*1]The People of the State of New York, Respondent,
v
Daquan Jones, Appellant.

Calendar Date:October 6, 2023

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and Powers, JJ.

Edward S. Graves, Indian Lake, for appellant
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Appeal from a judgment of the County Court of Clinton County (William A. Favreau, J.), rendered October 8, 2020, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
In satisfaction of a two-count indictment, defendant, an incarcerated individual, pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree stemming from his possession of dangerous contraband consisting of a cutting-type instrument. The terms of the plea agreement, which contemplated a waiver of appeal, included an advisement that a fine up to $5,000 could be imposed. Consistent with that agreement, defendant was sentenced, as a second felony offender, to the agreed-upon prison term of 1½ to 3 years, to be served consecutively to the sentence he was serving, and a fine of $2,000 was imposed. Defendant appeals.
We affirm. Initially, although a waiver of appeal was a condition of the plea agreement, we agree that defendant's waiver of appeal is invalid. As we previously recognized, the written waiver, which County Court failed to ascertain that defendant had read, understood or reviewed with counsel, was overbroad in that it purported to present a bar to "all post-conviction remedies," an error that was reinforced during the plea allocution (see People v See, 206 AD3d 1153, 1154 [3d Dept 2022], lv denied 39 NY3d 1075 [2023]; see also People v Thomas, 34 NY3d 545, 554, 565-566 [2019]). In addition, the court twice incorrectly communicated that, as a consequence the waiver of appeal, defendant would be "waiving [his] right to file an appeal" (see People v Shanks, 37 NY3d 244, 252 [2021]; People v Thomas, 34 NY3d at 559, 564). The court's limited oral colloquy was insufficient to remedy the defect in the written waiver so as to support the conclusion that defendant's waiver of appeal was knowing, voluntary and intelligent (see People v Thomas, 34 NY3d at 560, 563; People v See, 206 AD3d at 1154-1055; cf. People v Smith, 210 AD3d 1207, 1208 [3d Dept 2022]).
Given the invalid appeal waiver, defendant is not precluded from challenging the fine [FN1] as unduly harsh or severe (see CPL 470.15 [6] [b]; People v Delgado, 80 NY2d 780, 783 [1992]; People v Thompson, 60 NY2d 513, 520 [1983]).[FN2] Given defendant's conduct in endangering the safety of a correctional facility, we do not find that the amount of the fine — which was lawful (see Penal Law § 80.00 [1] [a]) — was unduly harsh or severe (see CPL 470.15 [6] [b]), and therefore we decline defendant's invitation to reduce it in the interest of justice. We have examined the parties' remaining contentions and have found them to be without merit or rendered academic.
Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: A fine is a part of the sentence (see Penal Law §§ 60.01 [3] [b], [c]; 80.00 [1] [a]).
Footnote 2: To clarify, where the record demonstrates that a defendant was informed during the plea colloquy that a fine up to the maximum statutory amount could be imposed as part of his or her sentence, a valid appeal waiver precludes a defendant's challenge to the severity of the fine imposed (see People v Hidalgo, 91 NY2d 733, 735-737 [1998]; People v Petell, 128 AD3d 1283, 1284 [3d Dept 2015]).