■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS AHEDO, Appellant. [646 NYS2d 520] —Motion by the appellant for clarification of stated portions of a decision and order of this Court, dated October 30, 1995 (220 AD2d 754), as amended by decision and order on motion dated February 20, 1996, which decided an appeal from a judgment of the Supreme Court, Queens County, rendered August 24, 1992.

Upon the papers filed in support of the motion and the papers filed in relation thereto, it is

Ordered that the motion is granted, the decision and order of this Court dated October 30, 1995, as amended by decision and order on motion dated February 20, 1996, is recalled and vacated, and the following is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered August 24, 1992, convicting him of criminally negligent homicide, unlawful imprisonment in the first degree, attempted assault in the second degree, criminal possession of a weapon in the second degree, assault in the second degree (two counts) and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing concurrent indeterminate terms of 2 to 4 years each for his convictions of criminally negligent homicide and unlawful imprisonment in the first degree, to run consecutively to concurrent indeterminate terms of 2 to 4 years and $7^1/_2$ to 15 years, respectively, for his respective convictions of attempted assault in the second degree and criminal posses-

sion of a weapon in the second degree, to run consecutively to an indeterminate term of $3^1/2$ to 7 years for his conviction of criminal possession of stolen property in the third degree, to run consecutively to concurrent indeterminate terms of $3^1/2$ to 7 years for each count of assault in the second degree.

Ordered that the judgment is modified, on the law, by (1) reversing the conviction of unlawful imprisonment in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and (2) providing that the sentences imposed for the defendant's convictions for assault in the second degree shall run concurrently to the sentences imposed upon the defendant's convictions of criminally negligent homicide, attempted assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the third degree; as so modified, the judgment is affirmed.

The defendant contends that the trial court erred when it submitted unlawful imprisonment in the first degree as a lesser included offense of kidnapping in the first degree. We agree. In order for a crime to be submitted as a lesser included offense of a crime for which the defendant was indicted, it must be theoretically impossible to commit the greater crime without committing the lesser crime and a "reasonable view" of the evidence supports a finding that the defendant committed the lesser crime and not the greater crime (see, CPL 1.20 [37]; 300.50 [1]; People v Glover, 57 NY2d 61, 63-64). A person is guilty of unlawful imprisonment in the first degree when he or she "restrains another person under circumstances which expose the latter to a risk of serious physical injury" (Penal Law § 135.10). However, it is theoretically possible for a person to be guilty of kidnapping in the first degree without exposing the victim to serious physical injury (see, Penal Law § 135.25 [1]). Therefore, the conviction is reversed and the sentence imposed thereon is vacated.

As the People correctly concede, the defendant's convictions of two counts of assault in the second degree (felony assault) must run concurrently with the defendant's remaining sentences. The felony upon which felony assault is predicated is a material element of that crime, and the sentence for the predicate felony must run concurrently with the sentence for felony assault (see, People v Medina, 152 AD2d 602). Based on the trial court's charge, it is not possible to determine which felony conviction served as the predicate for the defendant's convictions of assault in the second degree. Therefore, the defendant's concurrent sentences for each count of assault in the second

degree must run concurrently to the remaining sentences for the felony counts of which the defendant was convicted *(see, People v Duke,* 181 AD2d 908).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not require reversal. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.