THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FONSECA, Appellant. [646 NYS2d 816] —Motion by the appellant for clarification of stated portions of a decision and

order on motion of this Court, dated January 29, 1996, which, upon reargument, decided an appeal from a judgment of the Supreme Court, Queens County, rendered August 24, 1992.

Upon the papers filed in support of the motion and the papers filed in relation thereto, it is

Ordered that the motion is granted, the unpublished decision and order of this Court dated January 29, 1996, is recalled and vacated, and the following is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered August 24, 1992, convicting him of manslaughter in the second degree, unlawful imprisonment in the first degree, assault in the second degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing concurrent terms of imprisonment of 5 to 15 years, $1^1/_3$ to 4 years, and 3 to 9 years for his convictions of manslaughter in the second degree, unlawful imprisonment in the first degree, and criminal possession of a weapon in the second degree, respectively, a consecutive term of imprisonment of $2^1/_3$ to 7 years for his conviction of criminal possession of stolen property in the third degree, and concurrent terms of imprisonment of $2^1/_3$ to 7 years for each of his convictions of assault in the second degree which are to run consecutively to the other sentences imposed.

Ordered that the judgment is modified, on the law, by (1) reversing the defendant's conviction of unlawful imprisonment in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and (2) providing that the sentences imposed for the defendant's convictions for assault in the second degree shall run concurrently to the sentences imposed upon the defendant's convictions of manslaughter in the second degree, criminal possession of a weapon in the second degree and criminal possession of stolen property in the third degree; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, Penal Law § 10.00 [9]; § 15.05 [3]; § 125.15 [1]; § 135.00 [1]; § 135.10; see also, People v Poliakov, 167 AD2d 115; People v Heinsohn, 92 AD2d 574, affd 61 NY2d 855; People v Block, 168 AD2d 940; People v Lundquist, 151 AD2d 505). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

As we held on the codefendant's appeal, the trial court erred

when it submitted unlawful imprisonment in the first degree as a lesser included offense of kidnapping in the first degree. It is theoretically possible for a person to commit the crime of kidnapping in the first degree without committing the lesser crime of unlawful imprisonment in the first degree *(see, People v Ahedo,* 229 AD2d 588 [decided herewith]). Therefore, the defendant's conviction for unlawful imprisonment in the first degree is reversed, the sentence imposed thereon is vacated, and that count of the indictment is dismissed.

As the People correctly concede, the defendant's sentences for his convictions of two counts of assault in the second degree (felony assault) must run concurrently to the remaining sentences for the felony counts of which the defendant was convicted *(see, People v Ahedo, supra; see also, People v Duke,* 181 AD2d 908; *People v Medina,* 152 AD2d 602). O'Brien, J. P., Pizzuto, Altman and Hart, JJ., concur.