■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM E. ANDERSON, Appellant. [678 NYS2d 550] —Judgment

unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: County Court erred in directing that the sentence imposed on count one, attempted murder in the second degree (*see*, Penal Law §§ 110.00, 125.25 [1]), run consecutively with the sentences imposed on counts five and six, burglary in the first degree (*see*, Penal Law § 140.30 [2], [3]). The court further erred in imposing two mandatory surcharges and victim assistance fees in the total amount of $310. The same conduct resulting in defendant's conviction of attempted murder also constituted the physical injury element of one count of burglary in the first degree and the use of a dangerous instrument element of the other. The sentence on count one therefore must run concurrently with the sentences on counts five and six (*see,* Penal Law § 70.25 [2]; *People v Pringle*, 216 AD2d 863, 864, *lv denied* 86 NY2d 845; *see also, People v Laureano*, 87 NY2d 640, 644; *People v Hyde*, 240 AD2d 849, *lv denied* 91 NY2d 874; *cf., People v Smiley*, 121 AD2d 274, *lv denied* 68 NY2d 817), and only a single mandatory surcharge and victim assistance fee in the total amount of $155 may be imposed (*see,* Penal Law § 60.35 [2]; *People v Tarantola*, 187 AD2d 546).

Defendant's contention that the sentence recommendation in the presentence report violates 9 NYCRR former 350.7 (b) (6) is not preserved for our review (*see,* CPL 470.05 [2]; *People v Arnett*, 201 AD2d 966, *lv denied* 83 NY2d 908), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The sentence, as modified, is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Attempted Murder, 2nd Degree.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Callahan, JJ.