■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QIANG ZHENG, Appellant. [699 NYS2d 295] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered March 11, 1997, convicting him of kidnapping in the first degree (three counts), rape in the first degree (12 counts), sodomy in the first degree, sexual abuse in the first degree (two counts), assault in the second degree, attempted grand larceny in the second degree, grand larceny in the fourth degree, and criminal possession of computer related material, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 25 years to life imprisonment on each conviction of kidnapping in the first degree, 6 to 12 years imprisonment on the conviction of sodomy in the first degree, and 1 to 3 years imprisonment on each conviction of sexual abuse in the first degree, attempted grand larceny in the second degree, grand larceny in the fourth degree, and criminal possession of computer related material, indeterminate terms of 6 to 12 years imprisonment on each conviction of rape in the first degree, to run concurrently with each other but consecutively to the other sentences imposed, and an indeterminate term of 3½ to 7 years imprisonment on the conviction of assault in the second degree, to run consecutively to the other sentences imposed.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed on the conviction of assault in the second degree shall run concurrently with the

terms of imprisonment imposed on the convictions of kidnapping in the first degree; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant contends that the court erred when it did not ask the jurors whether they had engaged in premature deliberation. Before summations, the court received a request from the jury to define a slang term used in a witness's testimony. There was no evidence of prior jury discussions or discussions relating to anything other than the request to define the word in question. The single question involved neither a "sifting of facts" nor a consideration of "outside influences" (*People v Horney,* 112 AD2d 841, 843). Further, the court warned the jury several times to keep an open mind, and the jury is presumed to have followed these instructions (*see, People v Davis,* 58 NY2d 1102).

The defendant's convictions of assault in the second degree and kidnapping in the first degree were based on offenses committed through a single act. Thus, the Supreme Court should have made the term of imprisonment imposed on the conviction of assault in the second degree run concurrently with the terms of imprisonment imposed on the convictions of kidnapping in the first degree (*see,* Penal Law § 70.25 [2]; *People v Ahedo,* 229 AD2d 588).

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. S. Miller, J. P., Altman, Schmidt and Smith, JJ., concur.