■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW C. WILLIAMS, Appellant. [713 NYS2d 422] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) in connection with the stabbing death of an acquaintance. Defendant was also convicted of assault in the second degree (Penal Law § 120.05 [6]) with respect to injuries sustained by a person who attempted to stop defendant from stabbing the victim. Contrary to the contention of defendant, the verdict finding him guilty of murder in the second degree is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The evidence established that defendant chased the victim while wielding a knife and stabbed the victim six times while the victim begged for his life. The fatal wound to the victim's neck was inflicted while the unarmed victim was kneeling and defendant was standing over him. Defendant's contention that the conviction of assault in the second degree is not supported by legally sufficient evidence is not preserved for our review (*see, People v Gray,* 86 NY2d 10, 19).

Supreme Court erred in directing that the sentence imposed on the count of assault in the second degree run consecutively to the concurrent sentences imposed on the counts of murder in the second degree and criminal possession of a weapon. Because the murder was the underlying felony for the assault count, we modify the judgment by providing that the sentence for assault in the second degree shall run concurrently (*see, People v Laverpool,* 267 AD2d 93, 94-95, *lv denied* 94 NY2d 904). (Appeal from Judgment of Supreme Court, Erie County, Buscaglia, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Lawton, JJ.