■ In the Matter of ANTHONY FONSECA, Appellant, v DENNIS BRESLIN, as Superintendent of Arthur Kill Correctional Facility, et al., Respondents. [766 NYS2d 147] —Rose, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered May 15, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request to recalculate his aggregate sentence.

Following a jury trial, petitioner was convicted of the crimes of manslaughter in the second degree, unlawful imprisonment in the first degree, criminal possession of a weapon in the second degree, criminal possession of stolen property in the third degree and two counts of assault in the second degree. Upon these convictions, petitioner was sentenced to indeterminate prison terms of 5 to 15 years on the manslaughter count, 1¹/₃ to 3 years on the unlawful imprisonment count, 3 to 9 years on the criminal possession of a weapon count and 2¹/₃ to 7 years on both assault counts and the criminal possession of stolen property count. In an amended commitment order, the manslaughter, criminal possession of a weapon and criminal possession of stolen property sentences were directed to run consecutively and the two assault sentences were directed to run concurrently with each other and consecutively with the sentences imposed on the manslaughter, criminal possession of a weapon and criminal possession of stolen property counts. Since the amended commitment order made no reference to the unlawful imprisonment count, the sentence for that count ran concurrently with all other sentences (*see* Penal Law § 70.25 [1] [a]).

On appeal, the Second Department, after initially affirming the judgment of conviction in its entirety (*People v Fonseca,* 208 AD2d 949 [1994], *lv denied* 85 NY2d 909 [1995]), rendered a substituted decision which modified the judgment by (1) vacating petitioner's conviction for unlawful imprisonment and the sentence imposed thereon and (2) directing that the sentences imposed on petitioner's two assault convictions run concurrently with the sentences imposed on the manslaughter, criminal possession of a weapon and criminal possession of

stolen property convictions (*People v Fonseca,* 229 AD2d 591, 592-593 [1996]). As so modified, the judgment of conviction was affirmed (*id.* at 592). In describing the amended commitment order, however, the Second Department incorrectly recited that the sentences imposed on the manslaughter, criminal possession of a weapon and criminal possession of stolen property convictions had been directed by the sentencing court to run concurrently, rather than consecutively. Ultimately, after reviewing the entire history of this case, respondents calculated petitioner's aggregate sentence as 10⅓ to 31 years, which, pursuant to Penal Law former § 70.30 (1) (c) (i), was reduced to 10 to 20 years. Seeking a recalculation of his aggregate sentence, petitioner commenced the current CPLR article 78 proceeding. Following a full review of the record, Supreme Court dismissed the petition, prompting this appeal.

We affirm. Contrary to petitioner's assertions, our review of the amended commitment order and the Second Department's sentence modification makes clear that petitioner's aggregate sentence, as calculated by respondents, is in fact 10 to 20 years. As noted above, the amended commitment order imposed consecutive sentences for petitioner's manslaughter (5 to 15 years), criminal possession of a weapon (3 to 9 years) and criminal possession of stolen property (2⅓ to 7 years) convictions. Adding these indeterminate terms together results in an aggregate term of 10⅓ to 31 years. The Second Department's determination that the two remaining assault sentences must run concurrently with the sentences imposed on all other counts (*People v Fonseca,* 229 AD2d 591, 592 [1996], *supra*) leaves this aggregate term unchanged. Nor was the amended commitment order modified by the Second Department's erroneous recitation of its terms. Accordingly, respondents correctly calculated petitioner's aggregate sentence as 10⅓ to 31 years which sentence, as respondents properly determined, is automatically reduced to a term of 10 to 20 years pursuant to Penal Law former § 70.30 (1) (c) (i). Petitioner's remaining contentions have been reviewed and are unavailing.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.