■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE McCANTS, Appellant. [788 NYS2d 892]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Patricia D. Marks, J.), entered March 16, 2001. The order denied the motion of defendant pursuant to CPL 440.20 to set aside his sentence.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, the motion is granted, the sentence is set aside, and the matter is remitted to Monroe County Court for resentencing.

Memorandum: As the People correctly concede, defendant was illegally sentenced to a term of imprisonment of 2½ to 5 years, to be served under parole supervision at the Willard Drug Treatment Campus, inasmuch as at the time of sentencing he was subject to an undischarged term of imprisonment (*see* CPL 410.91 [2]; *cf. People v Carlton*, 2 AD3d 1353, 1354 [2003], *lv denied* 1 NY3d 625 [2004]). We thus agree with defendant that

County Court erred in denying his motion pursuant to CPL 440.20 to set aside his sentence on the ground that it was illegal, and we remit the matter to County Court for resentencing "in accordance with the law" (CPL 440.20 [4]; *cf. People v Boyd*, 298 AD2d 300 [2002], *lv denied* 99 NY2d 612, 100 NY2d 536 [2003]). Finally, we note that the court erred in denying defendant's motion based upon the procedural bar set forth in CPL 440.10 (3) (c). That procedural bar applies only to motions made pursuant to section 440.10, and it is undisputed that the instant motion was made pursuant to section 440.20. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Lawton, JJ.