[927 NE2d 552, 901 NYS2d 132]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ALFORD, Appellant.

Decided May 4, 2010

---

* Denied upon second application for reconsideration with leave to renew within 30 days after the Court of Appeals renders a decision in *People v Correa* (70 AD3d 532 [2010]).

### APPEARANCES OF COUNSEL

*Paul J. Connolly*, Delmar, for appellant.

*P. David Soares, District Attorney*, Albany (*Steven M. Sharp* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified by providing that the sentence imposed on count four of the indictment run concurrently with the sentences imposed on counts one and three of the indictment, and, as so modified, affirmed.

Penal Law § 70.25 (2) provides, "[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences . . . must run concurrently." Here, counts one and four of the indictment both charged defendant with predatory sexual assault against a child. A person is guilty of that crime when he or she, being 18 years old or more, commits one of several lesser crimes and the victim is less than 13 years old (Penal Law § 130.96). Count one alleged that defendant committed the lesser crime of criminal sexual act in the first degree on or about March 12, 2007 by engaging in anal sexual conduct with the victim. Count four alleged that defendant committed the lesser crime of course of sexual conduct against a child in the first degree by engaging in at least two acts of sexual conduct with the victim between August 2006 and March 2007. Because

it is impossible to determine whether the act that formed the basis for the jury's guilty verdict on count one—anal sexual conduct occurring on March 12, 2007—was also one of the two or more acts that formed the basis for its guilty verdict on count four, County Court should have ordered the sentences on those counts to run concurrently.

If the People wish to seek consecutive sentencing in a case such as this, they should request a form of verdict that will require the jury to explicitly delineate that an act constituting one offense is not a material element of another offense.

Defendant's remaining contention is without merit.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order modified in accordance with the memorandum herein and, as so modified, affirmed.