# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1150.1
KA 12-00179
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

FRANK J. POVOSKI, JR., DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK J. POVOSKI, JR., DEFENDANT-APPELLANT PRO SE.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Ontario County Court (Craig J. Doran, J.), dated October 14, 2011. The order denied the motion of defendant to set aside his sentence pursuant to CPL 440.20.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and directing that all sentences shall run concurrently and as modified the order is affirmed.

Memorandum: Defendant appeals from an order denying his motion pursuant to CPL 440.20 seeking to set aside the sentence imposed with respect to his conviction of robbery in the second degree (Penal Law § 160.10 [2] [a]), forgery in the second degree (§ 170.10 [1]), and assault in the second degree (§ 120.05 [6]). County Court directed that the sentence on the robbery count shall run consecutively to the sentence imposed on the forgery count, and that those sentences shall run concurrently with the sentence imposed on the assault count.

We note at the outset that the court erred in denying the motion on the ground that defendant could have raised this issue on his direct appeal. Mandatory denial of a motion pursuant to CPL 440.20 is required only when the issue "was previously determined on the merits upon an appeal from the judgment or sentence" (CPL 440.20 [2]), which in this case it was not (*People v Povoski*, 55 AD3d 1221, 1221-1222, *lv denied* 11 NY3d 929). The court erred in conflating the provisions of CPL 440.10 with those of CPL 440.20. The procedural bar set forth in CPL 440.10 (2) (c) "applies only to motions made pursuant to section 440.10, and it is undisputed that the instant motion was made pursuant to section 440.20" (*People v McCants*, 15 AD3d 892, 893).

We agree with defendant that the consecutive sentences for the

robbery and forgery counts are illegal under the facts of this case. The indictment and charge to the jury set forth that either count could serve as the predicate for the count of felony assault, and thus the predicate counts must run concurrently with the count of felony assault (*see People v Parks*, 95 NY2d 811, 814-815; *People v Davis*, 68 AD3d 1653, 1655, *lv denied* 14 NY3d 839; *People v Ahedo*, 229 AD2d 588, 589-590, *lv denied* 88 NY2d 964).  The sentences imposed on the counts of robbery and forgery must therefore also run concurrently (*see People v Dickens*, 269 AD2d 463, 464, *lv denied* 95 NY2d 852; *see also Parks*, 95 NY2d at 814-815).  We therefore modify the order by granting the motion in part and directing all sentences to run concurrently (*see People v Lemon*, 38 AD3d 1298, 1299, *lv denied* 9 NY3d 846, *reconsideration denied* 9 NY3d 962; *People v Parton*, 26 AD3d 868, 870, *lv denied* 7 NY3d 760; *see generally People v LaSalle*, 95 NY2d 827, 829).