*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 12, 2015                    106057
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

CHRISTOPHER S. OLSON,
                        Appellant.
_____

Calendar Date:   January 5, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Jay L. Wilber, Public Defender, Binghamton (Jonathan
Rothermel of counsel), for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Brian
Leeds of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the County Court of Broome County
(Cawley, J.), rendered April 27, 2012, upon a verdict convicting
defendant of the crime of driving while intoxicated.

        In March 2011, defendant was charged in a single-count
indictment with driving while intoxicated. The charges stemmed
from an accident that occurred on State Route 17 in Broome County
in July 2010 when defendant left the traveled portion of the road
and struck a sign — all of which was observed by a state trooper.
Following a jury trial, defendant was convicted of driving while
intoxicated as a felony and thereafter was sentenced to a prison
term of 1 to 3 years followed by five years of postrelease
supervision. Defendant now appeals, primarily contending that

the verdict is against the weight of the evidence.

Insofar as is relevant here, the People were required to prove beyond a reasonable doubt that defendant "operate[d] a motor vehicle while in an intoxicated condition" (Vehicle and Traffic Law § 1192 [3]). At trial, the trooper in question testified that, as he was traveling behind defendant on State Route 17, he observed defendant's vehicle veer off the road to the right, proceed down a hill, through the grass into a park, strike a school sign, travel back up the hill to State Route 17 and come to a halt. Upon pulling up behind defendant's vehicle and approaching the driver's-side window, the trooper detected "a strong odor of alcohol" emanating from the vehicle and discovered a "disheveled" defendant displaying "watery" eyes, a "red and flush[ed]" complexion and "slow slurred speech." When the trooper asked defendant to step out of the vehicle, he observed that defendant had "poor motor skills" and "poor coordination" — as evidenced by the fact that defendant held onto the door and hood of his vehicle as he exited. Additionally, in response to questioning, defendant admitted that he had "consumed a couple of drinks at a friend's house" before getting in his car and attempting to drive home. The trooper then administered the horizontal gaze nystagmus (hereinafter HGN) test, which defendant failed. The trooper further testified that defendant declined to perform additional field sobriety tests and, after being transported to the State Police barracks and advised of the consequences of refusing a chemical breath test of his blood alcohol content, refused to submit to such test.

Although defendant attributed both his poor motor skills and failure of the HGN test to preexisting back problems and/or injuries that he sustained in the accident, the trooper testified that defendant did not have any visible injuries and declined medical treatment. To the extent that defendant now challenges the trooper's training, experience and actual administration of the HGN test and/or points to certain claimed inconsistencies in the trooper's testimony, suffice it to say that these issues were thoroughly vetted during the course of defense counsel's extensive cross-examination of the trooper (see People v Sydlar, 106 AD3d 1368, 1370 [2013], lv dismissed 21 NY3d 1046 [2013]; People v Carota, 93 AD3d 1072, 1074 [2012]; People v Silvestri,

34 AD3d 986, 987 [2006]).  Thus, while a different verdict may not have been unreasonable, upon viewing the record as a whole, we find that the jury's verdict is in accord with the weight of the evidence (see People v Carota, 93 AD3d at 1073-1074; People v Owens, 45 AD3d 1058, 1059 [2007]; People v Silvestri, 34 AD3d at 987).

Defendant next contends that County Court abused its discretion in addressing the People's admitted Rosario violation, i.e., the destruction of the recordings of the radio transmissions made by the trooper during his encounter with defendant, as well as the apparent loss of certain photographs taken at the accident scene.  In this regard, the Court of Appeals has instructed that the "nonwillful, negligent loss or destruction of Rosario material does not mandate a sanction unless the defendant establishes prejudice.  If prejudice is shown, the choice of the proper sanction is left to the sound discretion of the trial judge, who may consider the degree of prosecutorial fault" (People v Martinez, 22 NY3d 551, 567 [2014] [citations omitted]; see People v Lee, 116 AD3d 493, 496 [2014], lv denied 23 NY3d 1064 [2014]; People v La Mountain, 249 AD2d 584, 585-586 [1998], lv denied 92 NY2d 855 [1998]).  Here, nothing in the record suggests that the destruction and/or loss of the cited evidence was willful, and we are hard pressed — in light of the extensive cross-examination of the trooper as to his observations of defendant on the evening in question and the content of his radio transmissions — to discern any prejudice to defendant in this regard.  That said, even assuming, without deciding, that defendant indeed has established prejudice, we cannot say that County Court abused its discretion in providing a permissive — rather than a mandatory — adverse inference charge to the jury (see People v Davis, 18 AD3d 1016, 1018-1019 [2005], lv denied 5 NY3d 805 [2005]).  Accordingly, the judgment of conviction is affirmed.

McCarthy, J.P., Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court