# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1026**

**KA 14-00698**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLIAM J. PLUME, ALSO KNOWN AS WILLIAM J.
AGUIRRE, ALSO KNOWN AS WILLIAM J. AQUIRE,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Cattaraugus County Court (Ronald D. Ploetz, J.), entered February 19, 2014. The order denied the motion of defendant to set aside his sentence pursuant to CPL 440.20.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendant's motion in part and the judgment rendered September 5, 2000 is modified by directing that the sentences imposed on counts 4, 6, 7, and 9 shall run concurrently with the sentences imposed on counts 1 and 2; the sentence imposed on count 11 shall run concurrently with the sentence imposed on count 2; and the sentences imposed on counts 12 through 14 shall run concurrently with the sentences imposed on counts 1, 2, 4, 6, 7, 9 and 11, and as modified the order is affirmed.

Memorandum: Defendant appeals from an order denying his motion pursuant to CPL 440.20 seeking to set aside the sentence imposed on him with respect to a September 2000 conviction of two counts of burglary in the first degree (Penal Law § 140.30 [2], [3] [counts 1 and 2, respectively]), two counts of assault in the first degree (§ 120.10 [1], [4] [counts 4 and 6, respectively]), two counts of assault in the second degree (§ 120.05 [1], [6] [counts 7 and 9, respectively]), one count of reckless endangerment in the first degree (§ 120.25 [count 11]), and three counts of criminal possession of a weapon in the third degree ([CPW 3d] § 265.02 [1] [counts 12 through 14]). We note that all references to count numbers refer to the counts as submitted to the jury. At sentencing and resentencing, County Court (Himelein, J.) imposed various terms of incarceration on the various counts and directed that the sentences run as follows: the sentences on the burglary counts would run concurrently with each

other; the sentences on the first-degree assault counts would run concurrently with each other but consecutively to the burglary sentences; the sentences on the second-degree assault counts would run concurrently with each other but consecutively to the sentences imposed on the burglary counts and the first-degree assault counts; the sentence on the reckless endangerment count would run consecutively to the sentences on the burglary and all assault counts; and the CPW 3d sentences would run concurrently with each other but consecutively to the sentences imposed on all other counts. Defendant now contends that the court (Ploetz, J.) erred in denying his CPL 440.20 motion challenging the imposition of consecutive sentences, and we agree.

We note at the outset that the court erred in denying the motion on the ground that this Court had affirmed the legality of the sentence on direct appeal (*People v Plume*, 306 AD2d 916, *lv denied* 100 NY2d 644), as well as when considering and denying defendant's petition for a writ of error coram nobis (*see People v Plume*, 12 AD3d 1206, *lv denied* 4 NY3d 856). "Mandatory denial of a motion pursuant to CPL 440.20 is required only when the issue 'was previously determined on the merits upon an appeal from the judgment or sentence' " (*People v Povoski*, 111 AD3d 1350, 1351, quoting CPL 440.20 [2]). As the People correctly conceded in opposition to defendant's CPL article 440 motion, defendant never challenged the *legality* of his sentence on direct appeal, and our decision did not explicitly find the sentence to be legal (*Plume*, 306 AD2d at 916-918). Contrary to the People's contention, defendant did not challenge the legality of the sentence when he previously sought a writ of error coram nobis, and this Court did not render any determination on the legality of the sentence when we denied the writ (*Plume*, 12 AD3d at 1206). In his coram nobis application, defendant contended only that appellate counsel was ineffective in failing to challenge the legality of the sentence, and the Court of Appeals has established that such a contention is categorically distinct from a challenge to the legality of the sentence itself (*see People v Borrell*, 12 NY3d 365, 367-370). In any event, as noted above, even if defendant had challenged the legality of the sentence on a prior collateral challenge to the judgment of conviction, denial of defendant's motion on that ground is not mandatory (*see Povoski*, 111 AD3d at 1351).

With respect to the merits, "[t]he Penal Law provides that concurrent sentences must be imposed 'for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other' " (*People v Laureano*, 87 NY2d 640, 643, quoting Penal Law § 70.25 [2]). In other words, concurrent sentencing is required if "the actus reus element is, by definition, the same for both offenses (under the first prong of the statute), or if the actus reus for one offense is, by definition, a material element of the second offense (under the second prong)" (*id*.). "The defendant benefits if either prong is present, and the prosecution's burden is to countermand both prongs" (*People v Day*, 73 NY2d 208, 211).

Applying those rules, we agree with defendant that the sentence imposed on count 4, for first-degree assault under Penal Law § 120.10 (1), which requires serious physical injury to any other by means of a deadly weapon or dangerous instrument, must run concurrently with the sentence imposed on count 1, for burglary under section 140.30 (2), which requires that the perpetrator cause physical injury to a nonparticipant in the crime. We further conclude that the sentence imposed on count 4 must run concurrently with the sentence imposed on count 2, for burglary under section 140.30 (3), which requires that the perpetrator use or threaten the immediate use of a dangerous instrument. In instructing the jury, the trial court did not designate any particular victim or any particular weapon as the subject of either burglary count and, therefore, "[t]he same conduct resulting in defendant's conviction [of first-degree assault] also constituted the physical injury element of one count of burglary in the first degree and the use of a dangerous instrument element of the other" (*People v Anderson*, 254 AD2d 701, 702, *lv denied* 92 NY2d 980; *see People v Lemon*, 38 AD3d 1298, 1299, *lv denied* 9 NY3d 846, *reconsideration denied* 9 NY3d 962; *People v Plater*, 235 AD2d 597, 598-599, *lv denied* 89 NY2d 1039). Contrary to the People's contention, it is impossible to ascertain from the record whether the burglary convictions were based on defendant's conduct in relation to any particular victim, and concurrent sentences are required where, as here, "it is impossible to determine whether the act that formed the basis for the jury's guilty verdict on [one] count . . . was also . . . the . . . act[] that formed the basis for its guilty verdict on [another] count" (*People v Alford*, 14 NY3d 846, 848; *see People v Parks*, 95 NY2d 811, 815; *People v Jeanty*, 268 AD2d 675, 680, *lv denied* 94 NY2d 945, 949).

We further agree with defendant that the sentence imposed on count 6, for first-degree assault under Penal Law § 120.10 (4), which requires physical injury to a nonparticipant during the commission or attempted commission of a felony, must run concurrently with the sentences imposed on counts 1 and 2, for burglary. Inasmuch as the court did not specify the underlying burglary upon which the felony assault under count 6 was predicated, and "[t]he felony upon which [the] felony assault is predicated is a material element of that crime," the sentences imposed for the burglaries must run concurrently with the sentence imposed for felony assault under count 6 (*People v Ahedo*, 229 AD2d 588, 589, *lv denied* 88 NY2d 964; *see People v Faulkner*, 36 AD3d 951, 953, *lv denied* 8 NY3d 922; *People v Williams*, 275 AD2d 967, 967).

Defendant additionally contends that the sentences on counts 12 through 14, convicting him of CPW 3d, must run concurrently with the sentences imposed on counts 1, 2, 4, and 6, covering the charges for burglary and first-degree assault. We agree. Where, as here, a person is convicted both of criminally possessing a weapon "with intent to use the same unlawfully against another" (Penal Law § 265.01 [2]; *see* § 265.02 [1]), and of substantive crimes involving the unlawful use of that weapon against another, consecutive sentencing is permitted only when the People "establish that [the defendant] possessed the [weapon] with a purpose unrelated to his intent to

[commit the substantive crimes]" (*People v Hamilton*, 4 NY3d 654, 658;
*see People v Wright*, 19 NY3d 359, 365).  At trial, "the People neither
alleged nor proved that defendant's possession [of the weapons] was
marked by an unlawful intent separate and distinct from his intent to
[commit the substantive crimes]" (*Wright*, 19 NY3d at 367).  Thus,
"because the crime[s] of [third-]degree weapon possession [were]
completed only upon the [occurrence of the substantive crimes], [the
court] erred in imposing consecutive sentences" (*id.* at 367; *see
Hamilton*, 4 NY3d at 659).

     Finally, although not raised by defendant on this appeal, there
are several other illegal aspects of the sentence that we "cannot
permit . . . to stand" (*People v Abuhamra*, 107 AD3d 1630, 1631, *lv
denied* 22 NY3d 1038).  Specifically, the sentence imposed on count 7,
for second-degree assault under Penal Law § 120.05 (1), which requires
physical injury to another person, must run concurrently with the
sentences imposed on the burglary counts inasmuch as it is impossible
to determine whether the victim of the assault in count 7 was separate
and distinct from the victim of the physical injury underlying count
1; it is also impossible to determine whether the victim of the
assault in count 7 received that injury through the use of the
dangerous instrument underlying count 2 (*see Anderson*, 254 AD2d at
702; *Ahedo*, 229 AD2d at 589; *see also Alford*, 14 NY3d at 848; *Parks*,
95 NY2d at 815; *Jeanty*, 268 AD2d at 680).  Moreover, because the
burglary was the predicate for the second-degree felony assault
conviction under count 9, we conclude that the sentence imposed on
count 9 must run concurrently with the sentences imposed on counts 1
and 2, i.e., the burglary counts (*see Ahedo*, 229 AD2d at 589).

     We further conclude that the sentence imposed on count 11, for
reckless endangerment, must run concurrently with the sentence imposed
on count 2, for burglary under Penal Law § 140.30 (3) inasmuch as "the
same conduct which resulted in defendant's conviction [of reckless
endangerment] established that he used a dangerous instrument to
commit the burglary" (*Plater*, 235 AD2d at 599; *see also Alford*, 14
NY3d at 848; *Parks*, 95 NY2d at 815).  Finally, for the reasons stated
above, we conclude that the sentences imposed on counts 12 through 14,
for CPW 3d, must run concurrently with counts 7 and 9, i.e., for
second-degree assault, and count 11, for reckless endangerment (*see
Wright*, 19 NY3d at 365; *Hamilton*, 4 NY3d at 658).

     We therefore modify the order and the judgment rendered September
5, 2000 in accordance with our decision herein.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court