■ The People of the State of New York, Respondent, v Wilson Laboriel, Also Known as Wilson Labriel, Also Known as Labriel Wilson, Appellant. [45 NYS3d 451]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered June 25, 2013, as amended July 24, 2013, convicting defendant, after a jury trial, of criminal sale of a firearm in the second degree, six counts of criminal sale of a firearm in the third degree and four counts of criminal possession of a weapon in the second degree, and sentencing him

to an aggregate term of 30 years, unanimously modified, on the law, to the extent of directing that all of the sentences run concurrently with each other, and otherwise affirmed.

Defendant's standard form motion for assignment of new counsel did not contain the specific factual allegations of serious complaints about counsel necessary to trigger the court's obligation to make a minimal inquiry (*see People v Porto*, 16 NY3d 93, 100-101 [2010]). Although the court accorded defendant several opportunities to be heard, defendant failed to amplify his conclusory complaints about his attorney with any case-specific allegations.

The court properly denied defendant's suppression motion, in which he claimed that there was no probable cause for the issuance of a search warrant for his Facebook account. The affidavit in support of the warrant demonstrated that there was sufficient information to support a reasonable belief that evidence of the charged weapons crimes could be found in defendant's Facebook page, particularly in light of a pattern of Facebook connections among other members of the weapons-trafficking operation. Defendant's claim regarding the execution of the warrant is unpreserved, as well as unreviewable for lack of a sufficient record (*see People v McLean*, 15 NY3d 117, 119 [2010]; *People v Kinchen*, 60 NY2d 772, 773-774 [1983]; *see also People v Abrew*, 95 NY2d 806, 808 [2000]). In any event, the Facebook evidence was a minor component of the People's overwhelming case, and any error in receiving this evidence was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The sentences imposed on the individual counts were lawful, but, as the People concede, the court could not legally run defendant's sentence for second-degree criminal sale of a firearm consecutively to his sentences for third-degree sale and second-degree possession relating to conduct occurring on January 2, 2012 (*see* Penal Law § 70.25 [2]; *People v Brown*, 21 NY3d 739 [2013]; *People v Alford*, 14 NY3d 846 [2010]). We decline to exercise our authority to remand for a restructuring of the sentence. We note that the People fail to adequately set forth how they would have the sentences restructured. As modified, we do not find the sentence excessive. Concur—Friedman, J.P., Renwick, Feinman, Gische and Kapnick, JJ.