# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**99**

**KA 12-01592**

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

MICHAEL J. BROWN, DEFENDANT-APPELLANT.

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered June 21, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the fine imposed on count one of the indictment from $10,000 to $5,000, by vacating the fines imposed on counts two through four of the indictment, by reducing the mandatory surcharge from $600 to $300, by reducing the crime victim assistance fee from $50 to $25, and by vacating the "additional $50 DNA" fee, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]), and two counts of criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]). Police investigators executing a search warrant at defendant's residence seized two small bags of cocaine, 39 rocks of crack cocaine, a razor, a scale, and glassine envelopes. While defendant was on the ground being handcuffed, he repeatedly stated, "it's for my personal use." The investigators, however, found $160 in small bills on defendant's person and recovered no crack pipes or other indicia of personal drug use from inside his residence.

Defendant contends that County Court abused its discretion in failing to preclude the testimony of an undercover officer as a sanction for the People's destruction of *Rosario* material, i.e., audio recordings of two failed drug purchases. We reject that contention. It is well settled that "nonwillful, negligent loss or destruction of

*Rosario* material does not mandate a sanction unless the defendant establishes prejudice" (*People v Martinez*, 22 NY3d 551, 567; *see People v Lee*, 116 AD3d 493, 496, *lv denied* 23 NY3d 1064).  If prejudice is shown, as it was here, the proper sanction for eliminating that prejudice is left to the sound discretion of the trial court, which may consider the degree of prosecutorial fault (*see Martinez*, 22 NY3d at 567; *People v Olson*, 126 AD3d 1139, 1141, *lv denied* 25 NY3d 1169).  Under the circumstances of this case, where there was testimony that the audio recordings were destroyed as part of a routine police practice, we conclude that the court did not abuse its discretion in refusing to preclude the undercover officer's testimony and instead imposing the lesser sanction of an adverse inference charge (*see Olson*, 126 AD3d at 1141; *see generally People v Durant*, 26 NY3d 341, 347).  Defendant further contends that the adverse inference charge was erroneous as given, but he failed to preserve his contention for our review (*see People v Castillo*, 34 AD3d 221, 222, *lv denied* 8 NY3d 879), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

To the extent that defendant contends that the court erred under *People v Molineux* (168 NY 264) in allowing the undercover officer's testimony, we reject his contention inasmuch as the evidence was probative of his intent to sell (*see People v Ray*, 63 AD3d 1705, 1706, *lv denied* 13 NY3d 838).  To the extent that defendant contends that the audio recordings were *Brady* material, we reject his contention because he failed to demonstrate a reasonable possibility that the audio recordings would have changed the outcome of the proceedings (*see People v Gayden* [appeal No. 2], 111 AD3d 1388, 1389).

Contrary to defendant's further contention, we conclude that the court properly refused to charge the lesser included offense of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03).  The physical evidence recovered from defendant's residence bore all the hallmarks of the drug trade.  Thus, there was no reasonable view of the evidence from which the jury could have concluded that defendant was guilty of simple possession but not the more serious charges (*see People v Townsend*, 138 AD3d 1506, 1507; *People v Bond*, 239 AD2d 785, 786, *lv denied* 90 NY2d 891).

Defendant contends that he was denied effective assistance of counsel because counsel moved to suppress, rather than to preclude, statements not contained in the CPL 710.30 notice.  We reject that contention.  "[I]t is well settled that disagreement over trial strategy is not a basis for a determination of ineffective assistance of counsel" (*People v Jarvis*, 113 AD3d 1058, 1059, *affd* 25 NY3d 968 [internal quotation marks omitted]), and we cannot say that counsel's decision to proceed with a motion to suppress deprived defendant of effective assistance of counsel (*see People v Borthwick*, 51 AD3d 1211, 1215-1216, *lv denied* 11 NY3d 734).  Viewing the evidence, the law, and the circumstances of this particular case in totality at the time of the representation, we conclude that defense counsel provided defendant with meaningful representation (*see generally People v*

*Baldi*, 54 NY2d 137, 147).

We agree with defendant that the court abused its discretion in ruling that the People could impeach him using his prior drug-related convictions and their underlying facts.  In determining whether the People may impeach a defendant using prior criminal acts, a court must balance the probative value of the evidence on the issue of credibility against the risk of undue prejudice, as measured by the potential impact of the evidence and the possibility that its introduction would deter defendant from testifying in his or her defense (*see People v Sandoval*, 34 NY2d 371, 376-377).  Certain factors should be considered, such as the prior conviction's temporal proximity, the degree to which the prior conviction bears upon the defendant's truthfulness, and the extent to which the prior conviction may be taken as evidence of the defendant's propensity to commit the crime charged (*see id.*).  It is well recognized that " 'in the prosecution of drug charges, interrogation as to prior narcotics convictions . . . may present a special risk of impermissible prejudice because of the widely accepted belief that persons previously convicted of narcotics offenses are likely to be habitual offenders' " (*People v Smith*, 18 NY3d 588, 593-594, quoting *Sandoval*, 34 NY2d at 377-378).  Here, the record reveals that the court considered only the temporal proximity of the prior convictions and defendant's willingness to place his interests above those of society in general (*see People v Williams*, 56 NY2d 236, 239-240; *People v Arnold*, 298 AD2d 895, 896, *lv denied* 99 NY2d 580).  There is no indication that the court considered the special risk that defendant's prior drug-related convictions might be taken by the jury as evidence of his propensity to commit the crime charged.  Nevertheless, we conclude that the error is harmless in light of the overwhelming evidence of defendant's guilt and the lack of any significant probability that the jury would have acquitted him had it not been for the error (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

We further agree with defendant that the court made multiple errors in imposing fines and assessing fees and surcharges, and we modify the judgment accordingly.  The court erred in imposing a fine in excess of $5,000 upon defendant's conviction of count one of the indictment, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]).  In imposing a fine under Penal Law § 80.00 (1) (c) (iii), the court was required to consider "the profit gained by defendant's conduct, whether the amount of the fine is disproportionate to the conduct in which defendant engaged, its impact on any victims, and defendant's economic circumstances, including the defendant's ability to pay, the effect of the fine upon his or her immediate family or any other persons to whom the defendant owes an obligation of support" (§ 80.00 [1] [c]).  There is no indication in the record that the court considered those factors, and so we reduce the fine imposed on count one to the $5,000 statutory maximum for felony convictions (*see* § 80.00 [1] [a]).  Furthermore, we conclude that the fines are illegal to the extent that the court imposed a fine on both a conviction of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree that "arose from a single act" (*People v Regatuso*,

140 AD3d 1750, 1751; *see* § 80.15), and we therefore vacate the fine imposed under count two of the indictment. The fine imposed with respect to count two must be vacated for another reason, along with the fines for counts three and four. More particularly, the court erred in imposing unauthorized "concurrent" fines upon defendant's conviction with respect to those counts. The statute does not authorize concurrent fines (*see* § 80.00 *et seq.*). In other words, if the sentencing court imposes multiple fines, those fines necessarily aggregate. Here, however, the court imposed "concurrent" fines and ordered that such fines were "not an additional amount" to the fine imposed on count one. We thus conclude that the fines imposed on counts two, three, and four were not authorized by the statute, and we therefore vacate them. In addition, the court erroneously assessed multiple mandatory surcharges, crime victim assistance fees, and DNA databank fees on crimes committed through a single act (*see* § 60.35 [2]; *People v Anderson*, 254 AD2d 701, 702, *lv denied* 92 NY2d 980). Otherwise, defendant's sentence is not unduly harsh and severe.

Entered: March 24, 2017                                    Frances E. Cafarell
                                                          Clerk of the Court