Devine, J.
 

 Appeals (1) from a judgment of the County Court of Warren County (Hall Jr., J.), rendered August 21, 2013, which sentenced defendant upon his adjudication as a youthful offender, and (2) by permission, from an order of said court, entered August 11, 2016, which denied defendant’s motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.
 

 Defendant was 16 years old when, in January 2013, he waived indictment, waived his right to appeal and pleaded guilty to a superior court information charging him with possessing an obscene sexual performance by a child. The plea agreement contemplated that he would be placed upon interim probation for one year. If defendant successfully completed the term of interim probation, he would be permitted to plead guilty to a misdemeanor charge and would be adjudicated as a youthful offender and sentenced to six years of probation. If he failed to do so, he faced a potential prison term of IV3 to 4 years and had no guarantee of youthful offender status.
 

 Defendant was quickly charged with violating the terms of his interim probation in numerous respects but, in the hope of avoiding sending him to prison, efforts ensued to place him in a residential treatment facility. Defendant apparently tired of those ongoing efforts and, despite County Court urging him to continue pursuing residential treatment and warning that it would “sentence [him] to IV3 to 4 years in state prison” if he admitted to the probation violations, he chose to enter admissions in August 2013. County Court adjudicated defendant as a youthful offender and sentenced him to a prison term of IV3 to 4 years. Defendant filed a pro se motion pursuant to CPL 440.20 to set aside his sentence in June 2016, arguing that the sentence imposed did not comport with the terms of his plea agreement. County Court denied that motion without a hearing. Defendant now appeals from the judgment and, by permission, from the order denying his CPL 440.20 motion.
 
 *
 

 We affirm. Upon his direct appeal, defendant suggests that this Court invoke its interest of justice jurisdiction to reverse the judgment of conviction and dismiss the underlying indictment. To that end, defendant submitted a pro se supplemental brief in which he argued that, while he made no effort to withdraw his guilty plea, he was a high school student at the time of the offense and he should not have been charged and punished for possessing an obscene image of a girl near his own age. He overlooks that his present circumstances arise from the fact that he failed to comply with the terms of interim probation and then rebuffed efforts to undergo residential treatment. We are accordingly satisfied that this is not the “rare and unusual case [that] cries out for fundamental justice beyond the confines of conventional considerations” so as to warrant reversal (People v Williams, 145 AD3d 100, 107 [2016] [internal quotation marks and citations omitted]; see CPL 470.15 [6] [a]).
 

 To the extent that defendant further contends that the sentence imposed was harsh and excessive, he may arguably advance that claim despite the presence of an appeal waiver that referenced a sentence of probation should he fail to successfully complete his interim probation (see People v Johnson, 14 NY3d 483, 486-487 [2010]). He did receive a sentence that was contemplated by the plea agreement should he violate interim probation, however, and “we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice” (People v Hilder, 79 AD3d 1459, 1459 [2010], lv denied 16 NY3d 798 [2011]; see People v DeMarco, 60 AD3d 1107, 1109 [2009]). The judgment is therefore affirmed.
 

 Turning to defendant’s motion to set aside his sentence pursuant to CPL 440.20, County Court erred in denying it based upon the procedural bar set forth in CPL 440.10 (2) (c), which “applies only to motions made pursuant to section 440.10” (People v McCants, 15 AD3d 892, 893 [2005]; see People v Povoski, 111 AD3d 1350, 1351 [2013]). Defendant nonetheless failed to establish that the sentence imposed was “unauthorized, illegally imposed or otherwise invalid as a matter of law” so as to warrant any relief (CPL 440.20 [1]). Defendant asserted that, upon violating the terms of his interim probation, the plea agreement called for him to receive a probation sentence of 10 years. In that regard, defense counsel did state prior to the plea colloquy that one of his colleagues had negotiated the plea agreement and that he had a written plea offer from the People that included a “no prison” promise should defendant violate the terms of interim probation. Defense counsel’s confusion made its way into the written appeal waiver executed by defendant.
 

 County Court made it clear to defendant and defense counsel, however, that it would not make a “no prison” commitment, was “keep [ing] [its] options open” and that defendant could “go to prison” if he did plead guilty and then violated the terms of his interim probation. Defendant confirmed that he understood this and still wanted to plead guilty. During the plea colloquy that followed, the terms of the plea arrangement were clearly stated, and defendant acknowledged understanding that he would “go[ ] to state prison for up to 4 long years” if he failed to comply with them. Defendant was again advised that he faced a prison sentence of IV3 to 4 years before he chose to admit to violating the terms of his interim probation. Defendant was accordingly well aware that County Court reserved the right to impose a prison sentence should he violate the terms of his interim probation and offered no objection to that state of affairs at any point prior to sentencing. Thus, having complied with the terms of the plea agreement in imposing sentence (see e.g. People v Selikoff, 35 NY2d 227, 242 [1974], cert denied 419 US 1122 [1975]; People v Meddaugh, 150 AD3d 1545, 1547 [2017]), County Court properly denied defendant’s motion without a hearing (see CPL 440.30 [4]; People v Westerling, 128 AD3d 1178, 1179 [2015]; People v Cooper, 258 AD2d 815, 816 [1999], lv denied 93 NY2d 1016 [1999]).
 

 Egan Jr., J.P., Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgment and order are affirmed.
 

 *
 

 Appellate counsel advises this Court that defendant has served his sentence for this conviction, but remains incarcerated on an unrelated charge.