People v Davis (2019 NY Slip Op 01615)





People v Davis


2019 NY Slip Op 01615


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2016-11951
 (Ind. No. 7338/13)

[*1]The People of the State of New York, respondent,
v
Jeremiah Davis, appellant.


Paul Skip Laisure, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel; Ryan Bae on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cassandra Mullen, J.), rendered April 13, 2016, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the imposition of a mandatory surcharge, DNA databank fee, and crime victim assistance fee; as so modified, the judgment is affirmed.
We agree with the defendant that he did not validly waive his right to appeal, since the record fails to indicate that he understood the nature and consequences of the waiver, and the Supreme Court did not adequately distinguish the right to appeal from those trial rights which are automatically forfeited as a consequence of a guilty plea (see People v Bradshaw, 18 NY3d 257; People v Lopez, 6 NY3d 248).
Contrary to the defendant's contention, the terms of incarceration and post-release supervision imposed were not excessive (see People v Suitte, 90 AD2d 80). Moreover, the mere fact that his codefendant received a lesser sentence does not render the defendant's sentence excessive under the circumstances of this case, especially given the differences in their personal backgrounds and the different roles they played in the commission of the crime (see People v Cruz, 137 AD3d 1158, 1160).
However, the imposition of a mandatory surcharge, DNA databank fee, and crime victim assistance fee must be vacated. The defendant previously was convicted of assault in the first degree for the injuries he caused to the victim in this matter, and at the ensuing sentencing a mandatory surcharge and fees were imposed upon him pursuant to Penal Law § 60.35(1). The defendant's instant conviction of manslaughter in the first degree arose solely from the subsequent death of that same victim from those same injuries. Under these circumstances, we agree with the defendant that the Supreme Court's imposition of a second mandatory surcharge, DNA databank fee, and crime victim assistance fee violated Penal Law § 60.35(2), which prohibits the assessment of multiple charges for the commission of two or more crimes through a single act or omission (see [*2]People v Brown, 148 AD3d 1547, 1550-1551; People v Anderson, 254 AD2d 701, 702; People v Tarantola, 187 AD2d 546, 546-547).
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court