People v Bell-Bradley (2021 NY Slip Op 00761)





People v Bell-bradley


2021 NY Slip Op 00761


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1172 KA 19-02076

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEMETRIEN BELL-BRADLEY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Suzanne Maxwell Barnes, J.), dated October 23, 2019. The order denied defendant's motion to set aside the sentence pursuant to CPL 440.20. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order that denied his motion pursuant to CPL 440.20 seeking to set aside the sentence imposed upon his conviction of grand larceny in the third degree (Penal Law
§ 155.35 [1]) on the ground that he was illegally sentenced as a second felony offender. County Court denied the motion without considering the merits based upon its determination that defendant had the opportunity to challenge the legality of the sentence on his direct appeal, which was then pending, and that the facts and information relevant to the issue were available on direct appeal. Defendant now contends that the court erred in denying the motion without considering the merits, and we agree.
We note at the outset that it appears that the court erred in conflating the provisions of CPL 440.10 with those of CPL 440.20. The procedural bar set forth in CPL 440.10 (2) (b) applies only to motions made pursuant to section 440.10, and defendant's motion was made pursuant to section 440.20 (see People v McCants, 15 AD3d 892, 893 [4th Dept 2005]).
It is well settled that "[a] CPL 440.20 motion is the proper vehicle for raising a challenge to a sentence as 'unauthorized, illegally imposed or otherwise invalid as a matter of law' (CPL 440.20 [1]), and a determination of second felony offender status is an aspect of the sentence" (People v Jurgins, 26 NY3d 607, 612 [2015]; see People v Lopez, 164 AD3d 1625, 1626 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]). "Mandatory denial of a motion pursuant to CPL 440.20 is required only when the issue 'was previously determined on the merits upon an appeal from the judgment or sentence' " (People v Povoski, 111 AD3d 1350, 1351 [4th Dept 2013], quoting CPL 440.20 [2]), and discretionary denial is available when the ground or issue raised in the motion "was previously determined on the merits upon a prior motion or proceeding in a court of this state, other than an appeal from the judgment, or upon a prior motion or proceeding in a federal court" (CPL 440.20 [3]).
Here, the ground raised in the motion to set aside the sentence, i.e., that defendant was improperly sentenced as a second felony offender because his prior federal conviction of bank robbery is not equivalent to any felony in New York, was not previously determined on the merits upon an appeal from the judgment or any prior motion or proceeding (see CPL 440.20 [2], [3]). On defendant's direct appeal, this Court determined that defendant's challenge to the sentence was not properly before us because he failed to preserve that contention for appellate [*2]review and the narrow exception to the preservation rule did not apply (People v Bell-Bradley, 179 AD3d 1539, 1539-1540 [4th Dept 2020], lv denied 35 NY3d 968 [2020]; see CPL 470.05 [2]; Lopez, 164 AD3d at 1625; see generally Jurgins, 26 NY3d at 612). Furthermore, contrary to the determination of the court that "the facts and information relevant to this issue" were available for review on the direct appeal, this Court determined that the resolution of the unpreserved question whether defendant's federal conviction was equivalent to a New York felony would have required us to " 'resort to outside facts, documentation or foreign statutes' " (Bell-Bradley, 179 AD3d at 1540, quoting People v Samms, 95 NY2d 52, 57 [2000]).
Inasmuch as the court is not procedurally barred from considering the merits of the motion under CPL 440.20 (2), and the court lacks discretion to deny the motion without considering the merits under CPL 440.20 (3), we reverse the order and remit the matter to County Court for a determination of the motion on the merits (see generally People v Ramos, 108 AD2d 209, 210 [2d Dept 1985]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court